| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | DAVID GAPPA<br>Assistant United States Attorney |
| 3 | 2500 Tulare Street, Suite 4401<br>Fresno, Ca 93721 |
| 4 | Telephone: (559) 497-4000<br>Facsimile: (559) 497-4099 |
| 5 | |
| 6 | Attorneys for Plaintiff<br>United States of America |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: 1:18-cr-00053 LJO-SKO |
|---|---|
| Plaintiff, | **STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND [PROPOSED] PROTECTIVE ORDER AND CERTIFICATION** |
| v. | |
| FORREST AWBREY, | Ctrm: 4 |
| Defendant. | Hon. Lawrence J. O'Neill |

This case involves a charge related to the sexual exploitation of minors. The discovery in this case contains private personal information regarding third parties (both adults and minors), including but not limited to their names, dates of birth, physical descriptions, telephone numbers and/or residential addresses (protected information). The case also involves contraband that the defense is not legally entitled to possess.

As a result, defendant FORREST AWBREY, by and through his counsel of record, Mark Coleman (defense counsel), and the United States of America, by and through Assistant United States Attorney David Gappa, agree as follows:

1. This court may enter a protective order under Rule 16(d) of the Federal Rules of Criminal Procedure, and the court's general supervisory authority.

2. The protective order should cover all discovery provided to or made available to defense counsel as part of discovery in this case including Bates numbered items and digital evidence and contraband.

3. The Federal Bureau of Investigation, if requested, shall make a duplicate copy of hard drive(s) and any attendant storage media available for defense analysis. The defendant shall be responsible for providing the drive(s) onto which evidence is copied.

4. The duplicate copy of the digital evidence shall be made available for defense counsel, and/or defendant's proposed expert, if one is retained or appointed, to review at the Fresno FBI office for the purpose of preparing for the defense of the above-entitled action. The digital evidence shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for defendant's defense.

5. The expert will be permitted to bring whatever equipment, books, or records he or she believes necessary to conduct the examination;

6. Neither the defense expert nor defense attorney shall remove any hard drive(s) or other storage media from the FBI office.

7. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert may download and remove files or portions of files, provided the forensic integrity of the hard drive(s) is not altered. The expert will certify in writing (using the attached certification), that s/he has not taken any material which would be considered child pornography, or data capable of being converted into child pornography (under federal law), and that s/he has not caused any child pornography to be sent from the FBI premises by any means including any electronic transfer of files.

8. Except when a defense expert fails to provide this certification, no government agent, or any person connected with the government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis. Should a defense expert fail to certify that the

expert has not copied or removed child pornography, or data capable of being converted into child pornography, government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

9. When the defense indicates that it is finished with its review of the copy of the hard drive(s), the drive(s) or other storage devices shall be "wiped" clean.

10. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

Dated: March 20, 2018 By: /s/ Mark Coleman
Mark Coleman
Attorney for defendant
MARK COLEMAN

Dated: March 20, 2018 McGREGOR W. SCOTT
United States Attorney

By: /s/ David Gappa
David Gappa
Assistant U.S. Attorney

| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **EASTERN DISTRICT OF CALIFORNIA** |

| | | | |
|---|---|---|---|
| 4 | UNITED STATES OF AMERICA, | Case No: 1:18-cr-00053 LJO-SKO | |
| 5 | Plaintiff, | **PROTECTIVE ORDER RELATED TO STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND CERTIFICATION** | |
| 6 | | | |
| 7 | v. | | |
| 8 | | | |
| 9 | FORREST AWBREY, | Ctrm: | 4 |
| 10 | Defendant. | Hon. | Lawrence J. O'Neill |
| 11 | | TRIAL: | TO BE DETERMINED |

ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1. By signing this stipulation and protective order, defense counsel agrees not to share any documents that contain protected information with anyone other than defense counsel's attorneys, designated defense investigators, designated defense experts, and support staff. Defense counsel may permit the defendant to view unredacted documents in the presence of his attorney(s), defense investigators, and/or support staff. The parties agree that defense counsel, defense investigators, and support staff shall not allow the defendant to copy protected information contained in the discovery. The parties agree that defense counsel, defense investigators, and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

2. The Federal Bureau of Investigation shall make a duplicate copy of hard drive(s) and any attendant storage media available for defense analysis. The defendant shall be responsible for providing the drive(s) onto which evidence is copied.

3. The duplicate copy of the digital evidence shall be made available for defense counsel, and/or defendant's expert, or a colleague at the same employer, to review at the Fresno FBI office for the purpose of preparing for the defense of the above-entitled action. The digital evidence shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for defendant's defense.

4. The expert will be permitted to bring whatever equipment, books, or records he or she believes necessary to conduct the examination. Neither the defense expert nor defense attorney shall remove any hard drive(s) or other storage media from the FBI office

5. With the exception of materials which would be considered child pornography under federal law (including visual depictions and data capable of conversion into a visual depiction), the expert may download and remove files or portions of files, provided the forensic integrity of the hard drive(s) is not altered. The expert will certify in writing (using the attached certification), that s/he has not taken any material which would be considered child pornography, or data capable of being converted into child pornography (under federal law), and that s/he has not caused any child pornography to be sent from the FBI premises by any means including any electronic transfer of files.

6. Except when a defense expert fails to provide this certification, no government agent, or any person connected with the government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analysis. Should a defense expert fail to certify that the expert has not copied or removed child pornography, or data capable of being converted into child pornography, government agents may then inspect or examine the materials in order to ensure that prohibited child pornography has not been removed.

7. When the defense indicates that it is finished with its review of the copy of the hard drive(s), the drive(s) or other storage devices shall be "wiped" clean.

8. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED.

Dated: **March 20, 2018**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>    v.<br><br>FORREST AWBREY,<br><br>     Defendant. | Case No: 1:18-cr-00053 LJO-SKO |

CERTIFICATION

I, _____, certify under penalty of perjury that I have not copied or removed any image(s) of child pornography or data capable of being converted into images of child pornography, or caused the same to be transferred electronically (or by any other means) to any other location, during the course of my review of the evidence in this case.

Date: _____       _____